# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ANTONIO COLBERT          )
                                    )
           Plaintiff,        )
                                    )
            v.              )      Civil Action No. 11-0354 (RJL)
                                    )
ELEANOR HOLMES NORTON,    )
                                    )
          Defendant.     )

## MEMORANDUM OPINION

February ___ _16_ ___, 2011

Now before the Court is defendant's motion to dismiss. For the reasons discussed below, the motion will be granted, and the complaint will be dismissed as frivolous.

The one-paragraph complaint in relevant part states:

> MISCONDUCT AND OBSTRUCTION! DECEMBER 17, 2010, I SUBMITTED TWO COMPLAINTS TO CASEWORKERS, AT THE CONGRESSWOMEN'S [sic] ADDRESS . . .. THESE WORKERS BADGERED ME, MALICIOUSLY ATTACKED BY CHARACTER, AND EVEN SIDED WITH THE POST OFFICE TO CONCEAL CRIMINAL MATTERS.

Compl. (emphasis in original). Plaintiff demands judgment in his favor in the sum of $5,000,000. *Id.*

The Court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only

1

claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The Court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Mindful that a complaint filed by a *pro se* litigant is held to a less stringent standard than that applied to a formal pleading drafted by a lawyer, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court concludes that the factual contentions of the plaintiff's complaint are baseless and wholly incredible. For this reason, the complaint is frivolous and must be dismissed.[1]

An Order is issued separately.

RICHARD J. LEON
United States District Judge

---

[1] In light of this ruling, the Court declines to address defendant's alternative bases for dismissal.